ACCEPTED
01-15-00891-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
11/11/2015 7:11:29 AM
CHRISTOPHER PRINE
CLERK

Filed: 10/19/2015 12:27:24 AM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 7424023
By: Linda Packard
10/19/2015 10:10:13 AM

CAUSE NO. 15FD2165

| | | |
|---|---|---|
| ROXANNE KENNEDY | § | IN THE FAMILY COURT OF |
| | § | |
| *Applicant,* | § | |
| | § | |
| V. | § | GALVESTON COUNTY, TEXAS |
| | § | |
| CHRISTOPHER KYLE KENNEDY | § | |
| | § | |
| *Respondent.* | § | COUNTY COURT AT LAW NO. 1 |

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
11/13/2015 8:00:29 AM
CHRISTOPHER A. PRINE
Clerk

## NOTICE OF APPEAL

Respondent Christopher Kyle Kennedy files this Notice of Appeal pursuant to Tex. R. App. P. 25.1(c) and 26.1(a).

1. The County Court at Law No. 1. (Family Court) of Galveston County, Texas, entered a Final Protective Order and Judgment in favor of Applicant Roxanne Kennedy and against Respondent Christopher Kyle Kennedy. The Order and Judgment was signed September 16, 2015, and approved by the presiding judge on September 17, 2015.

2. No timely post-judgment motion was filed. However, a request for findings of fact and conclusions of law was timely filed on September 25, 2015.

3. From the Final Protective Order and Judgment signed September 16, 2015, and approved by the presiding judge on September 17, 2015, and from all other related adverse rulings entered against him in Cause No. 15FD2165, Respondent Christopher Kyle Kennedy desires to appeal to the First or Fourteenth Court of Appeals, sitting in Houston, based on the designation by the Galveston County District Clerk or County Clerk.

4. This appeal is from a final judgment and therefore this is NOT an accelerated appeal.

5. An unofficial copy of the Final Protective Order and Judgment signed September 16, 2015, and approved by the presiding judge on September 17, 2015, is attached.

Respectfully Submitted,

MILLS SHIRLEY L.L.P.

By:    */s/ George W. Vie III*
       George W. Vie III
State Bar No. 20579310
*gvie@millsshirley.com*
2228 Mechanic Street, Suite 400
Galveston, Texas 77550
(713) 571-4232
Fax (713) 893-6095

ATTORNEYS FOR RESPONDENT
CHRISTOPHER KYLE KENNEDY

## CERTIFICATE OF SERVICE

A true and correct copy of this filing has been e-served on counsel of record for Applicant on October 19, 2015.

*/s/ George W. Vie III*
George W. Vie III



Appendix Tab 1

15-FD-2165
DCPROGF
Protective Order Granted — Final — OCA
1102236


**CAUSE NO. 15FD2165**

| | | |
|---|---|---|
| ROXANNE KENNEDY, APPLICANT | § | IN THE FAMILY COURT OF |
| VS. | § | GALVESTON COUNTY, TEXAS |
| CHRISTOPHER KYLE KENNEDY, RESPONDENT | § | COUNTY COURT AT LAW NO.1 |

## FINAL PROTECTIVE ORDER

On _September 16, 2015_ the Court heard the Application of ROXANNE KENNEDY for a Protective Order.

### 1. Appearances

Applicant, ROXANNE KENNEDY, appeared in person and through attorney of record, Kindel Nicole Jenkins of the Resource & Crisis Center of Galveston County, and announced ready.

Respondent, CHRISTOPHER KYLE KENNEDY,

_appeared in person + through counsel, Kristen Black, and announced ready._

### 2. Jurisdiction

The Court, after examining the record and hearing the evidence and argument of counsel, finds that all necessary prerequisites of the law have been satisfied and that this Court has jurisdiction over the parties and subject matter of this case.

### 3. Findings

The Court finds that:

- Applicant and Respondent have a dating relationship as defined in section 71.0021 of the Texas Family Code.

- Applicant and Respondent are members of the same household as defined in sections 71.005 and 71.006 of the Texas Family Code. As such, Applicant and Respondent are intimate partners as defined by Title 18 of the United States Code, Section 921(a)(32).

- Applicant and Respondent are members of the same family as defined in section 71.003 of the Texas Family Code. Applicant and Respondent are currently married. As

such, Applicant and Respondent are intimate partners as defined by Title 18 of the United States Code, Section 921(a)(32).

• Applicant is the biological mother of KYLE THOMAS KENNEDY and REBEKAH VERANN KENNEDY and Respondent is the biological father of KYLE THOMAS KENNEDY and REBEKAH VERANN KENNEDY. After the filing of this Application, a divorce and suit affecting the parent child relationship was filed in the 306th Judicial District Court of Galveston County, Texas. As such, Applicant and Respondent are intimate partners as defined by Title 18 of the United States Code, Section 921(a)(32).

The Court finds that family violence has occurred and that family violence is likely to occur in the future. The Court finds that Respondent, CHRISTOPHER KYLE KENNEDY, has committed family violence, and that these acts occurred within Galveston County. As such, the Court finds good cause to prohibit Respondent, CHRISTOPHER KYLE KENNEDY, from  communicating with Applicant, ROXANNE KENNEDY, or any member of Applicant's family or household, except through Respondent's attorney. The Court finds that the following protective orders are for the safety and welfare and in the best interest of Applicant and other members of the family or household and are necessary for the prevention of family violence.

## 4.    Orders

IT IS ORDERED that Respondent, CHRISTOPHER KYLE KENNEDY, is:

1.    Prohibited from committing family violence as defined in section 71.004 of the Texas Family Code.

2.    Prohibited from communicating directly with Applicant or any member of Applicant's family or household including KYLE THOMAS KENNEDY and REBEKAH VERANN KENNEDY, in a threatening or harassing manner.

3.    Prohibited from communicating a threat through any person to Applicant or any member of Applicant's family or household including KYLE THOMAS KENNEDY and REBEKAH VERANN KENNEDY.

4.    On a finding of good cause, prohibited from communicating in any manner with Applicant or any member of Applicant's family or household including KYLE THOMAS KENNEDY and REBEKAH VERANN KENNEDY, except through Respondent's attorney.

5.    Prohibited from engaging in conduct directed specifically toward Applicant or any member of Applicant's family or household including KYLE THOMAS KENNEDY and REBEKAH VERANN KENNEDY, that is reasonably likely to harass, annoy, alarm, abuse, torment, or embarrass Applicant or any member of Applicant's family or household, including following Applicant or any member of Applicant's family or household.

6.    Prohibited from going to, near, or within (200) two hundred yards of any location where Applicant or any member of Applicant's family or household including KYLE THOMAS KENNEDY and REBEKAH VERANN KENNEDY, is known by Respondent to be and from

remaining within (200) two hundred yards of said location after Respondent becomes aware of said person's presence.

7. Prohibited from going to, near, or within (200) two hundred yards of the residences of Applicant or any member of Applicant's family or household including KYLE THOMAS KENNEDY and REBEKAH VERANN KENNEDY. Specifically, Respondent is prohibited from going to, near, or within (200) two hundred yards of **Confidential Address**, and specifically must maintain a distance of at least (200) two hundred yards therefrom.

8. Prohibiting Respondent from going to, near, or within (200) two hundred yards of the place of employment or business of Applicant or any member of Applicant's family or household. Applicant requests the Court to specifically prohibit Respondent from going to, near, or within (200) two hundred yards of the place of employment of Applicant or any member of Applicant's family or household, and to specifically require Respondent to maintain a distance of at least (200) two hundred yards therefrom.

9. Prohibiting Respondent from going to, near, or within (200) two hundred yards of the child care facilities, or schools that KYLE THOMAS KENNEDY and REBEKAH VERANN KENNEDY normally attend. Applicant requests the Court to specifically prohibit Respondent from going to, near, or within (200) two hundred yards of **O'Connell College Preparatory High School located at 1320 23rd Street Rear, Galveston, Texas 77550** and **Trinity Episcopal School located at 720 23rd Street Rear, Galveston, Texas 77550**, and to specifically require Respondent to maintain a distance of at least (200) two hundred yards therefrom.

10. Prohibiting Respondent from removing the children, KYLE THOMAS KENNEDY and REBEKAH VERANN KENNEDY, from the possession of ROXANNE KENNEDY, Applicant.

11. Prohibiting Respondent from removing the children, KYLE THOMAS KENNEDY and REBEKAH VERANN KENNEDY, from the jurisdiction of the Court.

12. Prohibited from possessing a firearm or ammunition unless Respondent is a peace officer, as defined by section 1.07 of the Texas Penal Code, actively engaged in employment as a sworn, full-time paid employee of a state agency or political subdivision.

13. Prohibited from removing a pet, animal companion, or assistance animal, as defined by Section 121.002 of the Human Resources Code from the possession of Applicant or any member of Applicant's family or household.

IT IS ORDERED that the license to carry a concealed handgun that was issued to Respondent, CHRISTOPHER KYLE KENNEDY, under subchapter H, chapter 411, of the Texas Government Code is suspended.

IT IS ORDERED that Respondent, CHRISTOPHER KYLE KENNEDY, complete a battering intervention and prevention program accredited under article 42.141 of the Texas Code of Criminal Procedure and that meets the guidelines adopted by the community justice assistance

division of the Texas Department of Criminal Justice at 209 W. 14th Street, Suite #400, Austin, Texas 78701, (512) 305-9300.

IT IS FURTHER ORDERED that Respondent file with the Court, before the sixtieth day after the date this order is rendered, an affidavit stating either that Respondent has started the program or that the program is not available within a reasonable distance of Respondent's residence. IT IS FURTHER ORDERED that, if Respondent files an affidavit that Respondent has started the program, Respondent shall file with the Court before the date this protective order expires (1) a statement that Respondent completed the program not later than the earlier of the thirtieth day before this protective order expires or the thirtieth day before the first anniversary of the date this protective order is issued and (2) a letter, notice, or certificate from the program that verifies Respondent's completion of the program. If Respondent fails to provide the affidavit and, if required, the statement and verification of completion of the program, as ordered, Respondent may be punished for contempt of court, as provided by section 21.002 of the Texas Government Code, by a fine not to exceed $500, by confinement in jail for a term not to exceed six months, or by both.

## 5. Attorney's Fees

The Court finds that Respondent, CHRISTOPHER KYLE KENNEDY, should be assessed __Six hundred__ dollars ($600.00) as attorney's fees for the services of the Resource & Crisis Center of Galveston County. IT IS ORDERED that the Resource & Crisis Center of Galveston County is awarded judgment of __Six hundred__ dollars ($600) for legal services rendered. The judgment, for which let execution issue, is awarded against Respondent, CHRISTOPHER KYLE KENNEDY.

The amount collected under this Judgment shall be paid to the credit of the Resource & Crisis Center of Galveston County, Inc., P.O. Box 1545, Galveston, Texas 77553. IT IS ORDERED that said attorney fees shall be paid by Respondent, CHRISTOPHER KYLE KENNEDY, on or before on the __16__ day of __November 2015__ by cashier's check or money order made payable to: **THE RESOURCE & CRISIS CENTER OF GALVESTON COUNTY, INC., P.O. BOX 1545, GALVESTON, TEXAS 77553.**

## 6. Fees, Charges, and Expenses

IT IS ORDERED that Respondent, CHRISTOPHER KYLE KENNEDY, shall pay the standard fee for cost of service of this order, the costs of court, and all other fees, charges, or expenses incurred in connection with this order.

IT IS THEREFORE ORDERED that Respondent, CHRISTOPHER KYLE KENNEDY, shall pay all costs incurred in the amount of __Three hundred Seventy two dollars__ ($372.00). IT IS ORDERED that said costs shall be paid by Respondent, CHRISTOPHER KYLE KENNEDY, on or before on the __16__ day of __November 2015__ by cashier's check or money order made payable to: **GALVESTON COUNTY DISTRICT CLERK, 600 59th STREET, SUITE 4001, GALVESTON, TEXAS 77551.**

**NOTICE TO RESPONDENT: A PARTY WHO IS ORDERED TO PAY FEES AND COSTS AND WHO DOES NOT PAY BEFORE THE DATE SPECIFIED BY THE ORDER MAY BE PUNISHED FOR CONTEMPT OF COURT AS PROVIDED BY**

**SECTION 21.002, GOVERNMENT CODE. (A FINE OF NOT MORE THAN $500 OR CONFINEMENT IN THE COUNTY JAIL FOR NOT MORE THAN SIX MONTHS, OR BOTH SUCH A FINE AND CONFINEMENT IN JAIL).**

*7.* *Relief Not Granted*

IT IS ORDERED that all relief requested in the Application for Protective Order but not expressly granted is denied.

*8.* *Order Forwarded*

A copy of this order, along with the information provided by Applicant's attorney that is required under section 411.042(b)(6) of the Texas Government Code, shall be forwarded by the clerk of this Court to the Chief of **League City** Police Department, the Sheriff of Galveston County, Texas, the Constable of Precinct 2, Galveston County, Texas, and The Concealed Handgun Licensing Unit, Texas Department of Public Safety, Post Office Box 4143, Austin, Texas 78765-4143.

*9.* *Effective Period*

This order shall continue in full force and effect until September 16, 2016. If Respondent, CHRISTOPHER KYLE KENNEDY, is confined or imprisoned on the above expiration date, the Order shall continue in full force and effect until the first anniversary of the date Respondent, CHRISTOPHER KYLE KENNEDY, is released from confinement or imprisonment, pursuant section 85.025(c) of the Texas Family Code.

*10.* *Effect on Previous Order – Magistrate's Order for Emergency Protection*

The Court finds that an order for emergency protection has been previously issued under article 17.292 of the Texas Code of Criminal Procedure. The Court further finds that, to the extent that a condition imposed by that previously issued order conflicts with a condition imposed by this order, this order supersedes the order previously issued under article 17.292 of the Texas Code of Criminal Procedure.

**Warnings:**

A PERSON WHO VIOLATES THIS ORDER MAY BE PUNISHED FOR CONTEMPT OF COURT BY A FINE OF AS MUCH AS ($500) OR BY CONFINEMENT IN JAIL FOR AS LONG AS SIX MONTHS, OR BOTH.

NO PERSON, INCLUDING A PERSON WHO IS PROTECTED BY THIS ORDER, MAY GIVE PERMISSION TO ANYONE TO IGNORE OR VIOLATE ANY PROVISION OF THIS ORDER. DURING THE TIME IN WHICH THIS ORDER IS VALID, EVERY PROVISION OF THIS ORDER IS IN FULL FORCE AND EFFECT UNLESS A COURT CHANGES THE ORDER.

IT IS UNLAWFUL FOR ANY PERSON, OTHER THAN A PEACE OFFICER, AS DEFINED BY SECTION 1.07, PENAL CODE, ACTIVELY ENGAGED IN EMPLOYMENT AS A SWORN, FULL-TIME PAID EMPLOYEE OF A STATE AGENCY OR POLITICAL SUBDIVISION, WHO IS SUBJECT TO A PROTECTIVE ORDER TO POSSESS A FIREARM OR AMMUNITION.

A VIOLATION OF THIS ORDER BY COMMISSION OF AN ACT PROHIBITED BY THE ORDER MAY BE PUNISHABLE BY A FINE OF AS MUCH AS $4,000 OR BY CONFINEMENT IN JAIL FOR AS LONG AS ONE YEAR, OR BOTH. AN ACT THAT RESULTS IN FAMILY VIOLENCE MAY BE PROSECUTED AS A SEPARATE MISDEMEANOR OR FELONY OFFENSE. IF THE ACT IS PROSECUTED AS A SEPARATE FELONY OFFENSE, IT IS PUNISHABLE BY CONFINEMENT IN PRISON FOR AT LEAST TWO YEARS.

THIS PROTECTIVE ORDER IS ENFORCEABLE IN ALL FIFTY STATES, THE DISTRICT OF COLUMBIA, TRIBAL LANDS, AND U.S. TERRITORIES. INTERSTATE VIOLATION OF THIS PROTECTIVE ORDER MAY SUBJECT RESPONDENT TO CRIMINAL PENALTIES UNDER FEDERAL LAW. SHIPMENT, POSSESSION, TRANSPORTATION, OR RECEIPT OF A FIREARM OR AMMUNITION WHILE THIS ORDER REMAINS IN EFFECT MAY BE A FELONY UNDER FEDERAL LAW PUNISHABLE BY IMPRISONMENT AND/OR FINE.

SIGNED on this the ____ day of _____, 2015.

_____
ASSOCIATE JUDGE

APPROVED this _17th_ day of _September_, 2015.

_____
JUDGE PRESIDING

APPROVED AS TO FORM ONLY:

RESOURCE & CRISIS CENTER OF
GALVESTON COUNTY
P.O. Box 1545
Galveston, Texas 77553
Tel: (409) 763-1441 ext. 1512
Fax: (409) 762-0189
ikuecker@rccgc.org

_____
Kindel Nicole Jenkins
State Bar No. 24083250
Attorney for Applicant

Kristen A. Black
400 W Texas Ave Suite
Webster TX 77598
SBN: 24055179
Tel: (281) 557-1300
Fax: _____

_____
Name: _____
Attorney for Respondent
State Bar No. 24055179

APPROVED ~~AND CONSENTED TO~~ AS TO FORM:

_____
Applicant

_____
Respondent